An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GUSTAVO ZAMORA-DEL CASTILLO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62169

**FILED**

JUN 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Gustavo Zamora-Del Castillo's post-conviction motion to withdraw his guilty plea. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Zamora-Del Castillo contends that the district court erred by denying his post-conviction motion to withdraw his guilty plea.[1] Zamora-Del Castillo claims that counsel was ineffective for failing to properly advise him about the adverse immigration consequences of his guilty plea and the district court erred by failing to retroactively apply *Padilla v. Kentucky*, 559 U.S. ___, 130 S. Ct. 1473 (2010). Even assuming that laches does not preclude consideration of Zamora-Del Castillo's motion on the merits, *see Hart v. State*, 116 Nev. 558, 563-65, 1 P.3d 969, 972-73 (2000) ("[C]onsideration of the equitable doctrine of laches is necessary in determining whether a defendant has shown 'manifest injustice' that

---

[1]Zamora-Del Castillo pleaded guilty to possession of a controlled substance with the intent to sell and the district court imposed a probationary term not to exceed 2 years with an underlying sentence of 12-32 months.

13-17505

would permit withdrawal of a plea after sentencing."); *see also* NRS 176.165 (a district court may grant a post-conviction motion to withdraw a plea in order to "correct manifest injustice"), he is not entitled to relief because "*Padilla* does not have retroactive effect." *Chaidez v. United States*, 568 U.S. ___, ___, 133 S. Ct. 1103, 1105 (2013). Therefore, we conclude that the district court did not err by denying Zamora-Del Castillo's motion, and we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Jerome T. Tao, District Judge
       Mayfield, Gruber & Sheets
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[2]Although we filed the fast track statement submitted by Zamora-Del Castillo, it fails to comply with the Nevada Rules of Appellate Procedure because it refers to matters in the record without specific citation to the appendix. *See* NRAP 3C(e)(1)(C); NRAP 28(e)(1). Counsel for Zamora-Del Castillo is cautioned that the failure to comply with the briefing and appendix requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).

